UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,** | |
| Plaintiff, | 06-CR-311-WJM |
| v. | **ORDER** |
| **BOHDAN SENYSZYN,** | |
| Defendant. | |

This matter comes before the Court on Defendant Bohdan Senyszyn's motion for return of seized property under Federal Rule of Criminal Procedure 41(g). For the reasons stated below, the Court will deny the motion.

On September 20, 2007, Mr. Senyszyn pled guilty pursuant to a plea agreement to a four-count information, charging that, while serving as an agent of the Internal Revenue Service ("IRS"), he: filed false tax returns, in violation of 26 U.S.C. § 7214(a)(7); evaded taxes, in violation of 26 U.S.C. § 7201; structured financial transactions so as to avoid mandatory reporting to the Department of the Treasury, in violation of 31 U.S.C. § 5324(a)(3); and committed bank fraud, in violation of 18 U.S.C. § 1344. On January 1, 2008, after this Court accepted his plea, Mr. Senyszyn sought to withdraw it with respect to the tax evasion count, arguing that he was actually innocent of the charged conduct and that he misunderstood the terms of the plea agreement. The Court denied his motion and sentenced him. On appeal, the Court of Appeals for the Third Circuit affirmed. ECF No. 92; *United States v. Senyszyn*, 338 F. App'x 201 (3d Cir. 2009). Mr. Senyszyn thereafter became involved in several related civil matters, including an action brought by David Hook.

Mr. Senyszyn now moves pursuant to Rule 41(g) for return of certain property and for other relief. He insists that these materials are necessary for the adjudication of his various civil matters, including Mr. Hook's lawsuit. Generally, the party moving for return of property must identify the property to be returned and establish his lawful entitlement to it by a preponderance of the evidence. *See* 3A Wright & Welling, *Federal Practice and Procedure*, § 690 (4th ed. 2010). But "[p]roperty seized by the government as part of a criminal investigation 'must be returned once criminal proceedings have concluded, unless it is contraband or

subject to forfeiture.'" *United States v. Albinson*, 356 F.3d 278, 280 (3d Cir. 2004) (quoting United *States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999)). Following the conclusion of criminal proceedings, the burden is on the Government "to demonstrate that it has a legitimate reason to retain the seized property." *Albinson*, 356 F.3d at 280 (citing *Chambers*, 192 F.3d at 377).

The primary focus of Mr. Senyszyn's motion is the return of property seized from him on or about February 15, 2005 during the investigation leading to criminal proceedings against him. Those materials originally included eleven boxes of personal and business documents and seven computer disks.[1] On November 4, 2011, Mr. Senyszyn accepted from federal law enforcement agents: (1) four boxes containing materials including computer disks and various files and papers; (2) a Rubbermaid-brand container; and (3) a black Samsonite briefcase. The Government contends that these materials are everything that Mr. Senyszyn is entitled to receive, and further that while eleven boxes may have been seized originally, the materials in those boxes have since been consolidated into the four boxes returned. Mr. Senyszyn acknowledges his receipt of the four boxes but maintains that the Government must still be in possession of some of the seized materials, because originally there were more boxes. But despite having provided this Court with numerous letters and other correspondence since receiving those materials on November 4, 2011, Mr. Senyszyn has failed to identify any specific documents or pieces of his property that are still missing. Thus, Mr. Senyszyn has failed to meet his burden, and the Court will deny his motion.[2] In the event that Mr. Senyszyn is able to state with additional specificity what documents or property remain in the possession of the Government – that is, if he can specify what property, if any, he still has not received – he may renew his motion under Rule 41(g).

Mr. Senyszyn also makes a number of requests of this Court and other parties that fall squarely outside Rule 41(g). First, Mr, Senyszyn requests that the Court enter an order to show cause to force the Government to provide him with a complete list of documents allegedly provided to Mr. Hook or his attorney. Second, Mr. Senyszyn seeks what he refers to as "GPS records" for February 8, 2008 that are allegedly in the control of Pre-Trial Services. Third, Mr. Senyszyn also requests that the Court order his probation officer to provide him copies of correspondence between herself and Mr. Hook or his attorney. Mr. Senyszyn has provided no legal basis establishing his entitlement to any of these materials, let

---

[1] Mr. Senyszyn also sought return of his passport and a seized firearm (or, in the alternative, documentation showing that the firearm had been destroyed and was not being used by law enforcement agents). Mr. Senyszyn has since withdrawn those requests after the Government provided certain documentation regarding the disposition of both items.

[2] Because there are no factual issues necessary to decide the motion, an evidentiary hearing is unnecessary. *Cf. Albinson*, 356 F.3d at 281-82.

alone establishing this Court's power to order their production for use in proceedings that are not before it.[3] Accordingly, the Court will deny all of these requests.

      Finally, Mr. Senyszyn makes various accusations and claims about Mr. Hook's attorney, the United States Attorney's Office for this District, the IRS, and others, all of which culminate in his request that his criminal case be reopened. As per his November 26, 2011 letter, Mr. Senyszyn makes clear that he is making such request without filing a motion – as such, the Court will not entertain it at this time. *See* Fed. R. Crim. P. 47(a); Fed. R. Civ. P 7(b)(1).

For the foregoing reasons and good cause shown;

**IT IS** on this 22nd day of February 2012, hereby,

**ORDERED** that Mr. Senyszyn's motions requesting return of property under Federal Rule of Criminal Procedure 41(g), ECF Nos. 93 and 96, are **DENIED** without prejudice to renewal as specified above; and it is further

**ORDERED** that all of Mr. Senyszyn's other pending applications and informal requests for production of certain materials, among other relief, are **DENIED**.

                                                 /s/ William J. Martini
                                       **WILLIAM J. MARTINI, U.S.D.J.**

---

[3] With respect to his request for GPS records, it appears that Mr. Senyszyn wants the information solely to dispute whether he did, in fact, violate the conditions of his bail while awaiting sentencing. That issue has long since been resolved, *see* ECF Nos. 56-60, and the Court sees no reason to revisit it now.