UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOHDAN SENYSZYN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Crim. No. 2:06-00311<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Petitioner Bohdan Senyszyn ("Petitioner") brings this matter before the Court on his motion for relief from judgment of his criminal conviction pursuant to Federal Rule of Civil Procedure 60. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Petitioner's motion for relief is **DENIED**.

**I.    BACKGROUND**

Petitioner was a Certified Public Accountant employed by the Internal Revenue Service ("IRS") as a Revenue Agent. On September 20, 2007, Petitioner pled guilty to a four-count superseding information ("Information") that included: (1) false returns by an IRS agent; (2) tax evasion; (3) structuring financial transactions; and (4) bank fraud. *See* Superseding Information as to B. Senyszyn ("S.I."), Sept. 20, 2007, ECF No. 39. In exchange for Petitioner's guilty plea, the United States Attorney for the District of New Jersey agreed to drop charges against Petitioner's wife and dropped additional counts against Petitioner from the indictment. *See United States v. Senyszyn*, 338 F. App'x 201, 203 (3d Cir. 2009).

In support of the tax evasion charge, the Information alleged that Petitioner embezzled approximately $250,000 from his business associate and failed to include that amount on his 2003 tax return. Additionally, the Information alleged that Petitioner filed a fraudulent tax return on behalf of a corporation, which applied to both the false returns and tax evasion charges. *See* S.I. at 3–6. At the Rule 11 colloquy administered by this Court, Petitioner stated that he had thoroughly read the contents of the plea agreement and that he had knowingly and willfully evaded income tax. *See Senyszyn*, 338 F. App'x at 203. The Court accepted his plea.

Before sentencing, however, Petitioner moved this Court to withdraw his plea because he did not owe taxes on his income for 2003 and, therefore, could not be guilty of the tax evasion charge. *See id.* at 203–04. This Court denied his motion, stating that Petitioner had not produced any factual support of his innocence of tax evasion, and the Third Circuit affirmed on appeal. *See id.* at 204, 206. Petitioner was sentenced to 34 months of incarceration. J., ECF No. 62. Petitioner's sentence was a significant downward departure from the range provided in the plea agreement's appellate waiver. *See Senyszyn v. United States,* No. 09-cv-6120, 2010 WL 2483541, at *2 (D.N.J. June 4, 2010).

Petitioner subsequently filed a motion in this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Senyszyn*, 2010 WL 2483541, at *1. Petitioner again argued his innocence of tax evasion in addition to claiming that his sentence was unreasonable and that he received ineffective assistance of counsel. *See id.* at *4–5. This Court denied all of his claims, noting that Petitioner waived his right to appeal pursuant to the plea agreement and that his waiver was knowing and voluntary. *See id.* at *4. Petitioner never directly appealed his conviction or his sentence. *Id.* at *2.

Petitioner now moves this Court to reconsider his innocence of the tax evasion charge, requesting that the Court void the judgment with respect to tax evasion, among other things. Br. in Supp. of Pet'r's Rule 60 Mot. 22–23 ("Pet'r's Br."), ECF No. 115. In support of his motion, Petitioner provided a ruling from the United States Tax Court, which he claims conclusively establishes his innocence of tax evasion. *See* Pet'r's Br. at 15–17; Pet'r's Cert., Ex. B, *Senyszyn v. Comm'r of Internal Revenue*, 146 T.C. No. 9 (Mar. 31, 2016).

## II.  LEGAL STANDARD

Petitioner moves pursuant to Rule 60(b); however, "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal Rules of Civil Procedure are not applicable to criminal cases." *Gray v. United States*, 385 F. App'x 160, 162 (3d Cir. 2010). Since Petitioner proceeds *pro se*, the Court will liberally construe his motion in a more favorable light as a petition for a writ of error *coram nobis*. *See Torres v. United States*, No. 10-cv-4949, 2011 WL 2148308, at *2 (D.N.J. May 31, 2011) ("A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.") (citations omitted).

A writ of error *coram nobis* "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C.A. § 2255." *See United States v. Stoneman*, 870 F.2d 102, 105–06 (3d Cir. 1989). "A district court has the power, under appropriate circumstances, to grant a writ of error *coram nobis* and vacate a conviction, but the writ is an extraordinary remedy, and a court's jurisdiction to grant relief is of limited scope." *United States v. Dwumaah*, 570 F. App'x 193, 195 (3d Cir. 2014) (quotations omitted). A petitioner must meet five requirements in seeking relief from a federal conviction: (1) petitioner is no longer in custody; (2) petitioner continues to suffer consequences of the

conviction; (3) the relief sought must correct errors of the most fundamental character; (4) there was no remedy for the defect available at trial; and (5) there are sound reasons for failing to seek the relief earlier. *See id.* at 196. "Earlier proceedings are presumptively correct and the petitioner bears the burden to show otherwise." *Stoneman*, 870 F.2d at 106.

### III. DISCUSSION

Petitioner argues that the Tax Court's decision "conclusively establishes that the conviction of Petitioner for tax evasion under Title 26 U.S.C. § 7201 is void as the Petitioner is actually innocent of the alleged crime." Pet'r's Br. at 15–16. Petitioner notes that he did not plead guilty to the criminal act of embezzlement. *Id.* at 12. Under the second count, the Information alleges that Petitioner "embezzled taxable income from the sale of real estate," which amounted to approximately $252,726.00. *See* S.I. at 6. The Tax Court's decision concludes that Petitioner and his wife "are not liable for any deficiency in the Federal income tax for 2003." *See* Pet'r's Cert., Ex. B at 29. Petitioner argues that this finding necessarily means that he did not embezzle taxable income and, therefore, he is innocent of tax evasion. *See* Pet'r's Br. at 15–17. Petitioner is mistaken as to the meaning of the Tax Court's ruling.

#### A. Procedural Default

As an initial matter, Petitioner's motion is subject to a procedural default because he has never directly attacked the voluntariness and intelligence of his guilty plea. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."); *United States v. Lynch*, 807 F. Supp. 2d 224, 229–30 (E.D. Pa. 2011) (applying *habeas corpus* procedural default rules to a petition for a writ of error *coram nobis*). Petitioner has previously claimed ineffective assistance of counsel concerning his guilty plea, which would overcome the procedural default hurdle if properly demonstrated; however, this Court has already heard Petitioner on the matter and soundly rejected his claim. *See Senyszyn*, 2010 WL 2483541, at *5. Nonetheless, the Court will address the merits of Petitioner's motion because he asserts his actual innocence. *See Lynch*, 807 F. Supp. 2d at 230 ("Because [petitioners] raise claims that are procedurally defaulted and they cannot show cause and prejudice for their failure to appeal, their only means of obtaining relief is to show actual innocence of the charge of conviction.") (citations omitted).

#### B. Actual Innocence

"Petitioner's claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" *Bousley*, 523 U.S. at 623 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *see also Lynch*, 807 F. Supp. 2d at 230–31 (applying the *Bousley* holding to a petition for a writ of error *coram nobis*). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623

3

(quotations and citations omitted). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id*.

Petitioner claims that he has demonstrated his actual innocence of tax evasion because of the finding by the Tax Court that he was not liable for a deficiency on his 2003 income tax return. Pet'r's Br. at 15–17. To be clear, the Tax Court did find that Petitioner had repaid misappropriated funds to his business associate during that year and that "the evidence presented does not support the asserted deficiency." *See* Pet'r's Cert., Ex. B at 20–22.

The Tax Court's finding certainly contradicts a portion of the second count of the Information, which alleged tax evasion as a product of "embezzled taxable income from the sale of real estate." *See* S.I. at 6. To that extent, the Court acknowledges that the Tax Court's decision conclusively establishes that Petitioner is not guilty of evading taxes through the embezzlement of taxable income in 2003; however, that is not all that the Information alleges. Notably, the first paragraph under the second count reads: "The allegations contained in paragraphs 1 through 10 of Count One of this Superseding Information are repeated, realleged and incorporated by reference as though fully set forth herein." *Id*. In other words, Petitioner's conduct under the first count was also sufficient to establish his guilt under the second count. The Tax Court confirmed: "[Petitioner's] preparation of a fraudulent return on behalf of [the corporation] were themselves sufficient grounds to justify his conviction for tax evasion." *See* Pet'r's Cert., Ex. B at 28 n.7.

Consequently, Petitioner has not established his actual innocence of tax evasion. To the contrary, the Tax Court's decision confirms the propriety of his guilty plea and conviction. *See id*. As such, Petitioner has not demonstrated an error of the most fundamental character that warrants correction and his petition for a writ of error *coram nobis* is, therefore, denied. *See Dwumaah*, 570 F. App'x at 195; *cf. United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988) ("Nevertheless, it appears to us that an assertion that a conviction was based on conduct not covered by a criminal statute class is of a 'fundamental character.'") (citations omitted).

### IV. CONCLUSION

For the reasons stated above, Petitioner's motion for a writ of error *coram nobis* is **DENIED**. An appropriate order follows.

                                            */s/ William J. Martini*
                                        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 10, 2016**