

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2016 NOV 25 A 11: 06

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**BOHDAN SENYSZYN**
34 Jay Street
Succasunna, New Jersey 07876
(973) 634-6306
Pro Se Petitioner

———————————————————

BOHDAN SENYSZYN,                           ]           The Hon. William J. Martini
                                                               ]           U.S. District Judge
          Petitioner,                              ]
                                                               ]
                                                               ]
                                                               ]           Crim. No. 2:06-00311
UNITED STATES OF AMERICA,       ]
                                                               ]
          Respondent.                          ]
———————————————————

---

# BRIEF IN SUPPORT OF PETITIONER'S MOTION TO RECONSIDER
# ORDER DENYING PETITIONER'S WRIT OF ERROR *CORAM NOBIS*

---

**BOHDAN SENYSZYN**
34 Jay Street
Succasunna, New Jersey 07876
(973) 634-6306
Pro Se Petitioner

**On the Brief:**

**Bohdan Senyszyn, Pro Se**

i

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES…………………………………………………… iii

PRELIMINARY STATEMENT……………………………..……………….…… 1

ELEMENTS OF 26 U.S.C §7214(a)(7) AND THE PLEA COLLOQUY……… 2

FOOTNOTE 7 ……………………………………………….………………… 3

ACTUAL INNOCENCE………………….…………………..………………… 4

GRAND JURY FRAUD BY THE U.S. ATTORNEY ………………………… 5

AMENDED 2003 TAX RETURN AND CONGRESSMAN
FREYLINGHUYSEN…………………………………………………………… 6

RESERVATION OF RIGHTS AND DUE PROCESS………………………… 7

ARGUMENT ……………………….………………….………………………. 7

POINT ONE

THE CONVICTION UNDER 26 U.S.C. §7201 MUST BE SET ASIDE…. 7

POINT TWO

THERE IS NO NEXUS BETWEEN COUNT ONE AND COUNT TWO
OF THE SUPERSEDING INFORMATION CHARGES,
THE WILSON MISREPRESENTATION ………………………………… 10

POINT THREE
TAX AVOIDANCE IS NOT A CRIME……………………………..… 16

POINT FOUR
THE TAX COURT IS A COURT OF LIMITED JURISDICTION……… 16

CONCLUSION…………………..………………….………………… 17

# TABLE OF AUTHORITIES

Page

## Cases

Bohdan Senyzyn v. Commissioner of the Internal Revenue Service,
146 T.C. No. 9, U.S. Tax Court (2016)) ……………………………..…   . 6-7, 16

 Bousley v. United States, 523 U.S. 614 118 S. Ct.1604,
140 L.Ed.2d 123 (1991) ……………………………………………….. … 7, 15

Gregory v. Helvering, 293 U.S. 465 (1935)…………………..…………   16

Sansone v. United States, 380 U.S. 343, 351 (1965)……………………   …  3

United States v. Levinson, 543 F.3d 190, 196 (3d Cir. 2008)……………..…... 9

United States v. Senyszyn, 338 F. App'x 201, 203 (3d Cir. 2009)…………….... 9

United States v. Stoneman, 870 F.2d 102, at 105-106 (3d Cir. 1989)………….. 8

United States v. Wilson, 118 F.3d (4th Cir. 1997)……………………..…….. 3, 10

## Statutes:

26 U.S.C. § 7201…………………………………………………… 1, 3-4, 7-8, 15

26 U.S.C. § 7214(a)(5)……………………………………………..………… 11

26 U.S.C. § 7214(a)(7)…………………………………………………..…… 1-3, 12

26 U.S.C. § 7481……………………………………………..………..…. 6

## Rules:

Fed. R. Civ. P. 60 …………………………………………..…………………… 1

## PRELIMINARY STATEMENT

Judge Martini committed errors of law and has allowed manifest injustice to attach to Petitioner's false conviction for tax evasion (26 U.S.C. § 7201) with his ORDER denying Petitioner's writ of error *coram nobis*.[1] Prior to filing an appeal to the Third Circuit Court of Appeals, Petitioner seeks reconsideration to set aside the judgment for tax evasion and for other relief to address the conclusive fact that Petitioner is actually innocent of the charged crime, as admitted by the Court.

Instead of honoring the law as written and by defying Supreme Court precedent, Judge Martini decided to deny the motion based on an obscure and perplexing footnote contained in a Tax Court decision as the sole basis for denial.

There was no oral argument and the U.S. Attorney did not oppose the motion. Furthermore, Judge Martini misrepresented the conduct of an unrelated charge under 26 U.S.C §7214(a)(7)(false return by a gov't employee), to make the claim that guilt attaches to 26 U.S.C §7201, tax evasion, regardless of whether or not Petitioner is actually innocent of tax evasion. Other than concurring with the Tax Court foot note, Judge Martini did not create a full record to sustain the Order.

---

[1] Judge Martini liberally construed Petitioner's Rule 60 Motion filed on July 19, 2016 (ECF No. 115) as being a writ of error *coram nobis* to address Petitioner's request to set aside, *inter alia,* the guilty verdict for tax evasion (Count Two) of a Superseding Information document (ECF No. 39). The motion was unopposed and Judge Martini failed to address the request to withdraw the plea agreement, to set aside the fine imposed, the validity of the plea waiver for a direct appeal, or Petitioner's request for oral argument and an evidentiary hearing.

## ELEMENTS OF 26 U.S.C §7214(a)(7) AND THE PLEA COLLOQUY

Transcripts of the plea colloquy (ECF No. 44, pages 11:1 through 11:16) confirm that Judge Martini informed Petitioner of the essential elements to be proven to sustain the charge under Count One (26 U.S.C §7214(a)(7) of the Superseding Information ("S.I.")(ECF No. 39). They included,

a) Knowledge that the tax return contained false information;

b) That the false information was material; and

c) Petitioner was an employee of the United States at the time the return was made.

In order to allow the Court to accept the guilty pleas as to Count One, Petitioner responded in the affirmative to nine questions posed by the U.S. Attorney regarding Count One (ECF No. 44, pages 18:22 through 20:13) with the following relevant facts applicable to the instant motion:

a) The false information was not made on the Petitioner's personal tax return and the element of the crime does not require fraudulent intent;

b) There was no query or mention regarding embezzlement or tax evasion because Count One, as an essential element, does not require a tax deficiency or underpayment because it relates to information only; and

c) Tax "avoidance" is not a crime. Count One leaves open the possibility that the charge can be sustained if legal tax "avoidance" is present.

2

## FOOTNOTE 7

The basis for Judge Martini's denial of the instant motion is based solely on his reliance of a footnote contained in a civil Tax Court proceeding Opinion that has been misrepresented as to the nature of the criminal activity involving the instant criminal matter. *See* Pet'r's Cert., Ex. B n .7. For purposes of this motion the relevant portion of the footnote follows"

*"...Although the existence of an underpayment is a necessary element of the offense described in sec. 7201, Sansone v. United States, 380 U.S. 343, 351 (1965), the deficiency need not be that of the defendant, e.g., United States v. Wilson, 118 F. 3d 228 (4th Cir. 1997)(evidence of defendant-attorney's efforts to assist client in concealing assets from IRS sufficient to support conviction under sec. 7201)... "*

In footnote 7, Judge Halpern of the U.S. Tax Court failed to address the specifics of the unrelated charge under sec. 7214(a)(7), which was alleged to have been committed in a different tax period in the S.I. The Tax Court similarly misapplied the facts in Wilson. In addition, 26 U.S.C. § 7201 consists of two independent and distinctly different components. The first component is tax evasion, the subject of Petitioner's conviction. The second component is the "defeating" of tax, the subject of the Wilson case. Judge Halpern provided no relevant or accurate detailed analysis of his position other than to document a fly-by-night analysis of a criminal case not pertinent to the issues that were before the Tax Court at the time.

3

## ACTUAL INNOCENCE

There is no longer any dispute as to the Petitioner's claim of innocence regarding the charges of tax evasion under 26 U.S.C §7201. By Judge Martini's own admission, as documented on the record (ECF No. 116 at page 4),

> *"The Tax Court's finding certainly contradicts a portion of the second count of the Information, which alleged tax evasion as a product of 'embezzled taxable income from the sale of real estate.' See S.I. at 6. To that extent, the Court acknowledges that the Tax Court's decision conclusively establishes that Petitioner is not guilty of evading taxes through embezzlement of taxable income in 2003..."*

However, Petitioner's Certificate at Exhibit B (filed with the original motion) contains a complete copy of the Opinion of the Tax Court. That document confirms that the Internal Revenue Service could not sustain **any deficiency** on Petitioner's 2003 tax return to include the alleged embezzlement along with all transactions related to Petitioner's personal and business dealings. In fact, IRS Agent Carmine DeGrazio admitted in open court that his forensic report made no allegation of embezzlement. See Pet'r's Cert., Ex. D at transcript page 424:1 through 424:7, in direct contradiction to the proffers made to the Court by the U.S. Attorney claiming that DeGrazio determined there was embezzlement.

Because actual innocence is a confirmed conclusive fact, the plea agreement waiver is unenforceable and the plea itself is invalid.

4

## GRAND JURY FRAUD BY THE U.S. ATTORNEY

It is of particular note that the U.S. Attorney relied upon the forensic report of Agent DeGrazio for the S.I. and was fully prepared to have him testify at sentencing that the alleged unreported income was specifically from embezzlement. Inexplicably, Judge Martini refused to hold an evidentiary hearing. ECF No. 116 pg. 10, n.19 restated as follows:

*"At the time of hearing/sentencing, the Government intends on calling Carmine D. DeGrazio, CPA (in addition to the victim, about the tax and accounting analysis employed by the IRS to uncover defendant Bohdan Senyszyn's tax/embezzlement scheme, as set forth in the Superseding Indictment and Superseding Information)."*

After the filing of the materially fraudulent S.I.[2] and a materially false Draft Pre-Sentence Report ("DPSR"), Petitioner attempted to withdraw the plea agreement. On February 21, 2008, the District Court denied Petitioner's request to withdraw the plea agreement, refused to hold an evidentiary hearing to ascertain the facts and then enhanced Petitioner's sentence because he was an IRS agent.

---

[2] *See* ECF No. 116 at Ex. A for the S.I. information provided to Judge Martini via letter from the U.S. Attorney noting that the S.I. did not contain the allegation of "embezzlement." Only after the plea hearing did the U.S. Attorney misrepresent the facts and place onto the official record a distorted and materially different S.I. for public consumption. This is buttressed by the plea colloquy relied upon by Judge Martini that similarly does not contain any allegation of embezzlement.

Judge Martini went even further to instruct Petitioner to challenge the allegations of embezzlement in *"another court,"* and then remanded Petitioner without cause. During the proceedings, Judge Martini acted with extreme prejudice due to Petitioner's employment as an IRS agent. As demonstrated in the moving papers, Petitioner complied with the above directive and disputed the alleged deficiency with the U.S. Tax Court.[3] The judgment of the Tax Court became final on June 29, 2016 pursuant to 26 U.S.C. § 7481.

AMENDED 2003 TAX RETURN AND CONGRESSMAN FREYLINGHUYSEN

It is of significant note that the U.S. Probation Office, the U.S. Attorney and Judge Martini are in possession of Petitioner's 2003 Form 1040X, Amended Tax Return, which specifically addressed the computations of the IRS forensic report identified in the initial indictment of Petitioner. After receiving assistance from Congressman Freylinghuysen to **force the IRS** to audit Petitioner, the IRS decided to ignore the deficiency addressed in the fraudulently filed S.I. and instead alleged the embezzlement was a product of the information contained in the original indictment, ECF No. 18. **The Pre-Sentence report was never amended to comport to the S.I.** and the sentence was based on palpably false information.

---

[3] Bohdan Senyszyn v. Commissioner of the Internal Revenue Service, United States Tax Court, 146 T.C. No. 9 (2016). Only the 2003 tax return was challenged as the IRS previously accepted Petitioner's 2002 Form 1040X amended return by indicating no deficiency for that period and refusing to issue a refund claiming the statute of limitations had expired. As such, there is no criminal act for 2002 either.

## RESERVATION OF RIGHTS AND DUE PROCESS

In order to avoid inundating this Court with voluminous documents to
support this motion for reconsideration, Petitioner reserves the right to file a reply
brief to supplement the record or to otherwise challenge any misinformation that
will be provided by the U.S. Attorney. Petitioner requests a hearing due to the
extreme prejudice of Judge Martini exercised throughout the criminal matter. If
necessary, and for purposes of a full record for appeal, Petitioner can provide the
transcripts of the various hearings to demonstrate the hatred of Petitioner exhibited
by Judge Martini, wherein he relied solely upon statements made by the U.S.
Attorney without the benefit of any corroborating witness testimony in his
prejudicial actions.

## ARGUMENT

### POINT ONE

### THE CONVICTION UNDER 26 U.S.C. § 7201 MUST BE SET ASIDE

As confirmed by Judge Martini in his written Opinion, the decision of Judge
Halpern of the U.S. Tax Court, 146 T.C. No. 9, conclusively establishes that the
conviction of Petitioner for tax evasion under Title 26 U.S.C. § 7201 must be set
aside as the Petitioner is actually innocent of the alleged crime. Bousley v. United
States, 523 U.S. 614 118 S. Ct.1604, 140 L.Ed.2d 123 (1991) (the plea is
constitutionally invalid).

7

The proceedings contain errors "of the most fundamental kind, . . . such as to render the proceeding itself irregular and invalid." United States v. Stoneman, 870 F.2d 102, at 105-06 (3d Cir. 1989) At all times between the issuance of the DSPR through the sentencing hearing and beyond, Petitioner has argued that the S.I. provided to Judge Martini prior to the plea hearing did not relate to any issue of tax evasion from embezzlement. As a direct result of Petitioner's remand on February 21, 2008, it has taken an unusually long time to finally place IRS Agent DeGrazio and David Hook under oath to ascertain the true facts concealed by the U.S. Attorney prior to sentencing. *See* the original moving papers, Pet'r's Cert., Ex.'s D and D. But not for Judge Martini's refusal to hold a two-hour evidentiary hearing, it is likely that Petitioner would not have been found guilty of tax evasion and would not have been incarcerated for the other three charges, which are less serious than a traffic ticket in terms of victim loss.

There is no longer any dispute as to the Petitioner's claim of innocence regarding the false charges of tax evasion under 26 U.S.C §7201. By Judge Martini's own admission, as documented on the record (ECF No. 116 at page 4),

*"The Tax Court's finding certainly contradicts a portion of the second count of the Information, which alleged tax evasion as a product of 'embezzled taxable income from the sale of real estate.' See S.I. at 6. To that extent, the Court acknowledges that the Tax Court's decision conclusively establishes that Petitioner is not guilty of evading taxes through embezzlement of taxable income in 2003…"*

8

Inexplicably, Judge Martini could not provide any relevant case law to establish that <u>Bousely</u> has been overturned. Instead, Judge Martini opted to cite, as precedent for his denial of the motion, the nebulous footnote in the Tax Court Opinion without providing any additional detail or analysis to allow for a proper appellate review. It is abundantly clear that Judge Martini consistently acts with prejudice by not conducting evidentiary hearings or by otherwise not creating a full record. This claim is buttressed by prior acts, as confirmed by the Third Circuit Court of Appeals. *See Senyszyn*, 338 F. App'x 201 n.7 (3d Cir. 2009), which states,

*"The District Court could have explained its reasons for denying Senyszyn's motion in more detail, and doing so would have aided our review. Cf. United States v. Levinson, 543 F.3d 190, 196 (3d Cir. 2008) (discussing, in the context of sentencing, the need to "provide sufficient justifications on the record" to support a decision, and noting the relationship between explication of the reasons and the substantive reasonableness of the decision)".*

Judge Martini's Order now creates a case of first impression wherein he relies upon a Tax Court footnote (citing an inapposite appellate finding) to supersede Supreme Court precedent. If not reconsidered, this matter becomes a "substantial question of law" that will have far reaching future unintended consequences.

9

There is no nexus between Count One and Count Two of the S.I. or relevant case law to the contrary. The decision of Judge Martini, at best, is perplexing. However, Petitioner is convinced that the judge knowingly deferred to Judge Halpern's conflation of criminal and civil case law to specifically deny the writ of error *coram nobis* in a knowing act to harm a former IRS agent and to otherwise justify Judge Martini's refusal to honestly rule upon the instant motion. This Court is **required** to set aside the Count Two conviction, pursuant to Supreme Court precedent. Judge Martini is **fully aware** that Count One is not tax "evasion."

## POINT TWO

## THERE IS NO NEXUS BETWEEN COUNT ONE AND COUNT TWO OF THE SUPERSEDING INFORMATION CHARGES, THE <u>WILSON</u>[4] MISREPRESENTATION

The sole justification that Judge Martini relies upon in denying the motion for error *coram nobis* is clearly reflected at page 4 of the Opinion, ECF No. 116, stating,

*"The Tax Court confirmed: '[Petitioner's] preparation of a fraudulent return on behalf of [the corporation] were themselves sufficient grounds to justify his conviction for tax evasion.' See Pet'r's Cert. Ex. B at 28 n.7.*

*Consequently, Petitioner has not established his actual innocence of tax evasion. To the contrary, the Tax Court's decision confirms the propriety of his guilty plea and conviction. See Id."*

---

[4] *United States v. Wilson,* 118 F. 3d 228 (4th Cir. 1997)

10

At the onset, petitioner **did not** plead to the filing of a <u>fraudulent</u> return for Count One. Petitioner merely caused **false** information to be reflected on a balance sheet. Both Judge Halpern's analysis in footnote 7 of the Tax Court Opinion and Judge Martini's dependency on that analysis ignore the realty that the facts and conclusions in the <u>Wilson</u> case are inapposite to the instant matter. Not only is legal error evident regarding Judge Halpern's aside, but a gross abuse of discretion (Judge Martini) exists. Judge Halpern ignored the facts and likely did not make a full reading of the <u>Wilson.</u> The relevant facts as to Count One of the instant criminal matter are as follows:

1. Petitioner was arrested on February 15, 2005 based solely on the false premise that Petitioner aided and abetted Modern Method Development Inc. with tax evasion by failing to pay taxes on $600,000 of income in calendar year 2002 from its sale of two properties pursuant to 26 U.S.C. §7214(a)(5). ECF No. 1. That specific charge indicates that fraud **is** an element of the charge as the code reads, in pertinent part,

   *"(a) UNLAWFUL ACTS OF REVENUE OFFICERS OR AGENTS*

   *Any officer or employee of the United States acting in connection with any revenue law of the United States—*

   *…(5) who knowingly makes opportunity for any person to defraud the United States;*

   *…shall be dismissed from office"*

11

2. During discovery, the U.S. Attorney was informed that the corporation did not own the property referenced in the criminal complaint and those charges were not pursued because there can be no fraud attached to the corporate return as **there can be no tax liability**.

3. The U.S. Attorney then sought to ensure that Petitioner would be terminated from employment, and instead, indicted Petitioner with filing a false return as a government employee under Title 26 U.S.C. §7214(a)(7). This new count **does not** require fraud as an essential element, but instead, relies upon materiality.

4. As applied to the elements and plea colloquy of page 2, the 2002 Form 1120 for Modern Method Development Inc. contained a false and immaterial balance sheet entry wherein Petitioner computed a capital contribution by the owner of the corporation in the amount of $500,000 as of December 31, 2002. The facts presented to the U.S. Attorney and to the U.S. Probation Officer confirms that the entry was false because the balance sheet account reflected an actual capital contribution of $500,012.

5. The false entry was neither fraudulent nor material. However, the U.S. Probation Officer ignored this fact and many others and instead based it's sentencing recommendation on the indictments and not the S.I., which was also rejected by Judge Martini at sentencing.

6. In fact, when the U.S. Attorney drafted and filed the S.I (now being relied upon by Judge Martini) he specifically informed the Court that the acts of Petitioner relating to Count One were performed with the intent to legally "avoid taxes." Neither the terms fraud nor evasion were placed onto the record regarding Count One. *See* S.I. at page 3, paragraph 6, restated as follows (ECF No. 39):

> *"6. Defendant Bohdan Senyszyn falsely stated in the MMDI tax return that shareholders had invested $500,000.00 into the company. This **fictitious** [emphasis added] capital contribution would enable shareholders to claim up to that amount in future losses to offset (and **avoid** [emphasis added] the payment of taxes on) future income. In fact, neither DH nor any other MMDI shareholder contributed $500,000.00 to the company in 2002."*

7. Based on the strength of the S.I. and other information provided to Judge Martini prior to sentencing, he rejected the stipulation in the plea agreement regarding the tax computation for Count One as **there was no fraud involved** and made an independent finding that if Petitioner were not an IRS agent the term of incarceration for all charges would be between 12-18 months. *See* ECF No. 66 at pages 56:22 through 56:25.

13

8. However, Judge Martini then generated an upward enhancement to the sentence for Count One and remanded Petitioner to 30 months in prison and also imposed a $3,000 fine for a $12 dollar error, noting that supporting evidence was provided to the Court that the actual capital contribution of $500,012 was made by DH at the time of filing.

9. The corporation related to Count One did not file any tax returns for calendar years for calendar year 2003 forward. At the time of sentencing, the tax returns for calendar years 2003-2006 should have been filed. If, in fact, there had been tax evasion, or even avoidance, that fact would have been placed on the record by the U.S. Attorney. This was not done because no tax liability attaches to Count One.

The relevant facts in the Wilson case are as follows[5]:

a) Douglas D. Wilson was a non-government attorney that was never charged with personal "tax evasion" under ¶ 7201.

b) Wilson was charged with impeding tax laws (¶7212) and for "defeating the payment of taxes" (¶ 7201) for another person by concealing assets.

---

[5] Information on the Wilson case was accesses via the internet and the facts listed are based on that information. A full copy of the case is not being provided but can be provided with the Reply Brief if needed. Citations are omitted as the Wilson case was not addressed or referenced in the instant criminal matter.

14

c) The decision in <u>Wilson</u> made no finding that *"evidence of defendant-attorney's efforts to assist client in concealing assets from IRS sufficient to support conviction under sec. 7201,"* as erroneously inferred by Judge Halpern in his footnote in the Tax Case.

As previously stated, the decision of Judge Halpern of the U.S. Tax Court, 146 T.C. No. 9, conclusively establishes that the conviction of Petitioner for tax evasion under Title 26 U.S.C. § 7201 is void as the Petitioner is actually innocent of the alleged crime. <u>Bousley v. United States,</u> 523 U.S. 614 118 S. Ct.1604, 140 L.Ed.2d 123 (1991).

It is unclear as to the reasons Judge Halpern found it necessary to comment on a criminal matter when he was ignorant of the underlying facts (comparing ¶¶ 1-9 beginning at page 11 above to ¶¶ (a) through (c) beginning at page 14 above). Clearly, <u>Wilson</u> is inapposite with regard to the instant matter because <u>Wilson</u> does not address tax fraud under 26 U.S.C. §7201, but instead is based on the alternative "defeating of tax" charge embodied in that statute and with the concealing of assets. The nexus in <u>Wilson</u> bears no relationship to either the Tax Court litigation or the instant criminal matter.

Instead of honoring Supreme Court precedent, Judge Martini relied solely on the phantom "nexus" inferred by Judge Halpern of the U.S. Tax Court without providing any analysis of the case law tied to the facts in the instant matter.

15

## POINT THREE

## TAX "AVOIDANCE" IS NOT A CRIME

It is beyond dispute and well settled law that tax avoidance is not a crime.

Here, the Court conflates tax avoidance with tax evasion to sustain the denial of the

writ of error *coram nobis*. Gregory v. Helvering, 293 U.S. 465 (1935).

## POINT FOUR

## THE TAX COURT IS A COURT OF LIMITED JURISDICTION

Pursuant to the power vested solely to the U.S. Tax Court, Judge Halpern's

Order in the matter of Bohdan Senyzyn v. Commissioner of the Internal Revenue

Service, 146 T.C. No. 9, U.S. Tax Court (2016) conclusively establishes that

Petitioner is not liable for any taxes for calendar year 2003. Judge Martini of the

District Court for the District of New Jersey conclusively made a finding that

Petitioner is innocent of the charged crime of tax evasion for calendar year 2003.

The matter before Judge Halpern did not involve any taxpayer for calendar

year 2002 and he did not accept any evidence regarding the government's charge

against Petitioner for a violation of Title 26 U.S.C. § 7214(a)(7). Inexplicably,

Judge Martini made a finding that the Tax Court has the jurisdiction to determine

that Petitioner's conviction is valid under Title 26 U.S.C. § 7201 without the

benefit of any relevant evidence, hearing, or trial.

The United States Tax Court is a court of record established by Congress under Article I of the U.S. Constitution. When the Commissioner of Internal Revenue has determined a tax deficiency, the taxpayer may dispute the deficiency in the Tax Court before paying any disputed amount. The Tax Court's jurisdiction also includes the authority to redetermine transferee liability, make certain types of declaratory judgments, adjust partnership items, order abatement of interest, award administrative and litigation costs, redetermine worker classification, determine relief from joint and several liability on a joint return, review certain collection actions, and review awards to whistleblowers who provide information to the Commissioner of Internal Revenue on or after December 20, 2006.

Because Judge Martini deferred to the Tax Court finding that Petitioner's conviction is valid, and because the Tax Court has no such authority, this Court and the Third Circuit Court of Appeals cannot apply *stare decisis* to footnote 7 of the Tax Court case against Petitioner as being precedential in the instant criminal matter.

## CONCLUSION

As per above, and based on Judge Martini's affirmation of actual innocence, this Court must adhere to Supreme Court precedent and set aside Petitioner's conviction for tax evasion. The Court should grant the enclosed form of ORDER in all respects.

In addition, the Court should:

a) Hold an evidentiary hearing to ascertain which government employees were involved in the Grand Jury fraud perpetrated upon the District Court; and

b) Set aside the plea agreement between the Petitioner and U.S. Attorney, ECF No. 42, and order the parties to meet to enter into an amended plea agreement for judicial expediency and to avoid a new trial or new Grand Jury investigation; and/or

c) Provide any other relief that would be just in to include, but not limited to, issuance of a revised PSR to ascertain whether or not the sentence was actually enhanced because of the tax evasion charge; or simply

d) Set aside Counts One, Three, and Four, with prejudice due to the fraud of the U.S. Attorney.

Respectfully submitted,

Date: November 25, 2016

Bohdan Senyszyn
Pro Se Plaintiff
34 Jay Street
Succasunna, NJ 07876
(973) 634-6306

18